LAMB v OTTAWA COUNTY

Docket No. 45016. Submitted March 4, 1980, at Grand Rapids.—
    Decided April 22, 1980.

William R. Lamb, M.D., P.C., and Jeanette S. Schoonmaker, M.D.,
    P.C., both individually and corporately, filed two complaints in
    the Ottawa Circuit Court against Ottawa County and its Com-
    munity Mental Health Services Board. The first was based
    upon an alleged breach of contract and sought money damages
    and injunctive relief to prevent defendants from terminating
    plaintiffs' employment contracts. The second was based upon an
    alleged violation of the Open Meetings Act and sought certain
    injunctive relief. Prior to a hearing to determine if injunctive
    relief should issue under the complaint alleging a violation of
    the Open Meetings Act, plaintiffs withdrew their request for
    injunctive relief under the breach of contract action, and the
    parties stipulated that testimony would be presented on the
    breach of contract claim in order to have it preserved. It was
    understood that, at the end of the testimonial hearing, plain-
    tiffs would be filing an amended complaint, following which
    defendants would file an answer. Plaintiffs filed a notice of
    voluntary dismissal of the breach of contract action but the
    court, James E. Townsend, J., denied dismissal. Plaintiffs ap-
    peal by leave granted. *Held:*

    Given certain conditions precedent, a plaintiff, under the
    court rules, has an absolute right to a nonprejudicial dismissal
    without permission of the court. Since no answer or motion for
    accelerated or summary judgment had been filed, plaintiffs
    were entitled to dismissal without prejudice upon payment of
    court costs.

    Reversed.

TRIAL — COURT RULES — VOLUNTARY DISMISSAL WITHOUT PREJUDICE.
    A trial court erred in denying a plaintiff's voluntary dismissal

REFERENCES FOR POINTS IN HEADNOTE

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 6.
    Time when voluntary nonsuit or dismissal may be taken as of right
        under statute so authorizing at any time before "trial," "com-
        mencement of trial," "trial of the facts," or the like. 1 ALR3d
        711.

without prejudice pursuant to the general court rules where a notice of voluntary dismissal had been filed prior to the filing of an answer or motion for accelerated or summary judgment by the defendant but where some testimony had been taken concerning the instant lawsuit in a separate but factually related lawsuit; given certain conditions precedent, a plaintiff, under the court rules, has an absolute right to a nonprejudicial dismissal without permission of the court (GCR 1963, 504.1[1]).

*Landman, Hathaway, Latimer, Clink & Robb* (by *Jon D. Vander Ploeg),* for plaintiffs.

*Wesley J. Nykamp,* Prosecuting Attorney, for defendants.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON, JR.,* JJ.

M. F. CAVANAGH, J. On March 23, 1979, plaintiffs filed two complaints in circuit court against defendants. The first was based upon a breach of contract claim and requested monetary damages and injunctive relief to prevent defendants from terminating plaintiffs' employment contracts. The second complaint was based upon an alleged violation of the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* and requested certain injunctive relief.

On April 5, 1979, a show cause hearing was held to determine whether injunctive relief would issue pursuant to the complaint concerning the alleged violation of the Open Meetings Act. Immediately preceding the show cause hearing, both trial counsel and the trial court engaged in a discussion in which plaintiffs' counsel withdrew the plaintiffs' request for injunctive relief under the breach of contract complaint. It was further stipulated that testimony would be presented on the breach of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contract claim in order to have it preserved. The court summarized the stipulation on the record as follows:

"If counsel desire, however, to present testimony on the merits of the case concerning the contract and the alleged breach of contract and the damages resulting therefrom, we indicated to counsel that if they desired to do that and agree, stipulated that it could be done, the Court would be willing to accept testimony today for purposes of preserving that testimony so perhaps to avoid the necessity of one or more persons who have to return to Court to present that same testimony at a future date. This, however, would be done subject to the understanding and subject to the direction from the Court that following the filing of pleadings which frame the issues in the case, either attorney could request that the matter could be scheduled for trial and to present additional testimony * * *."

At the end of the testimonial hearing, it was understood that plaintiffs' counsel would be filing an amended complaint, following which defendants' counsel would file an answer. However, on April 16, 1979, plaintiffs' counsel filed a notice of voluntary dismissal noting that no answer or motion for accelerated judgment or summary judgment had been filed. From the trial court's refusal to enter the voluntary dismissal without a motion and hearing thereon, plaintiffs appeal by leave granted.

The sole issue raised in this appeal is whether the trial court erred reversibly in denying plaintiffs' voluntary dismissal without prejudice pursuant to GCR 1963, 504.1, where plaintiffs had filed a notice of voluntary dismissal prior to the filing of an answer or a motion under either GCR 1963, 116 or 117, by defendants but where some testimony had been taken concerning the present lawsuit in

a separate but factually related lawsuit. We answer this question in the affirmative and reverse the trial court's denial of the plaintiffs' notice of voluntary dismissal.

GCR 1963, 504.1, is based upon F R Civ P 41(a)(1). Although there is no Michigan case interpreting GCR 1963, 504.1, there is a Federal case decided in the Western District of Michigan, Southern Division, which interprets F R Civ P 41(a)(1). This case, *DC Electronics, Inc v Nartron Corp,* 511 F2d 294, 298 (CA 6, 1975), states in pertinent part:

"* * * Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)."

See also, *Thorp v Scarne,* 599 F2d 1169 (CA 2, 1979).

We also deem GCR 1963, 504.1(1), to be clear and unambiguous. Given certain conditions precedent, plaintiff has an absolute right to file a nonprejudicial dismissal upon payment of costs without permission of the court. It is undisputed in this case that no answer or motion under Rules 116 or 117 has been filed by the defendants, and therefore all conditions necessary to a voluntary dismissal have been met, other than payment of costs, which of course must be taxed by defendants after filing of the dismissal.

Defendants' assertion that the testimony taken at the show cause hearing concerning a possible violation of the Open Meetings Act constitutes the equivalent of an answer pursuant to GCR 1963,

118.3, is also unpersuasive. This rule allows amendment of the pleadings only after those pleadings have been filed. It cannot be construed as authorization to obviate the need to file pleadings. Further, even if we were to construe this court rule to allow in-court testimony to substitute for an original pleading, the facts of this case clearly demonstrate that the testimony at the show cause hearing was to be applied solely to the complaint dealing with the violation of the Open Meetings Act and was not applicable to the breach of contract case.

Finally, we note that defendants do not make any claim that if the dismissal is allowed they will be prejudiced thereby. We perceive no reason to believe that defendants would or could be prejudiced thereby. The testimomy taken at the April 5th hearing will, in the event this complaint is later refiled, still be available to both sides just as though this dismissal had not occurred. MRE 804(b)(1). Accordingly, we hold the ruling of the trial court to be clearly erroneous and reverse for entry of the voluntary dismissal.